IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELA EMBRY,
   Plaintiff,
     v.

ROBERT VANCE, et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-882-TWT

OPINION AND ORDER

The Plaintiff in this personal injury action filed her complaint on February 1, 2012, in state court. The Defendants removed the case, filed an answer, and began the discovery process. The Plaintiff appears to have abandoned the case. The Defendants now move for summary judgment.

I. Background

The Plaintiff, Angela Embry, initiated this lawsuit to recover medical expenses, lost wages, and damages for her pain and suffering following an auto accident in DeKalb County, Georgia. The Defendants removed the case to this Court, and the discovery period lasted until November 19, 2012. After the close of discovery, the Court directed the parties to file for summary judgment or submit a pretrial order. The Defendants, Robert Vance and Scott's Towing Company, filed a motion for

T:\ORDERS\12\Embry\msjtwt.wpd

summary judgment on January 15, 2013. In the motion, they argue that the Plaintiff's failure to identify expert testimony for trial precludes her from prevailing on her negligence claim because she must have an expert to establish causation. They further argue that the Plaintiff has produced no evidence whatsoever that could establish causation. The Plaintiff has not responded to the Defendants' motion.

## II.  Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Additionally, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits

of the motion." United States v. One Piece of Real Prop. Located at 5800 SW 74th Avenue, Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004).

### III.  Discussion

The Defendants move for summary judgment arguing that the Plaintiff's failure to identify an expert during discovery precludes her from establishing her claim of negligence.  The Defendants also argue that Plaintiff did not "offer proof of any kind within the court-specified discovery period that the Plaintiff's injuries were the result of the accident" that this case arises from.  (Defs.' Mot. for Summ J. at 4).  The Plaintiff has not responded to the motion. The Court concludes that the Plaintiff has not established causation for her specific medical injuries or for her medical costs and pain and suffering damages.

In her complaint, the Plaintiff states that because of the accident with Defendant Robert Vance, she suffers from "muscular atrophy, weakness, sensory loss, loss of reflexes and pain to her head consisting of serious migraine headaches and a closed head injury" as well as "pain and weakness of her back and neck and psychological trauma consisting of but not limited to post-traumatic stress syndrome." (Compl. ¶ 9).  In negligence cases such as this one, the "plaintiffs must come forward with expert evidence to survive a defense motion for summary judgment, where 'medical questions' relating to causation are involved." Cowart v. Widener, 287 Ga.

622, 627 (2010).  A "medical question" arises "where the existence of a causal link between the defendant's conduct and the plaintiff's injury cannot be determined from common knowledge and experience and instead requires the assistance of experts with specialized medical knowledge."  Id. (citing Phelps v. CSX Transp., Inc., 280 Ga. App. 330, 335 (2006)).  Here, the Plaintiff's allegations of injuries to her nervous system implicate a "medical question" because the connection between the car accident and the extensive injuries to her nervous system is not "capable of resolution by ordinary people using their common knowledge and experience."  Id. at 628.  As the Plaintiff has not come forward with expert evidence relating to this medical question, the Defendants' motion for summary judgment should be granted with respect to the Plaintiff's nervous system and psychological injuries.

Furthermore, the Plaintiff has likewise provided no evidence to suggest a causal connection between her pain and suffering and her $10,000 in medical bills and the Defendants' alleged negligence.  To succeed on a claim for negligence, the Plaintiff must show:

> (1) A duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.  (2) A failure on his part to conform to the standard required... (3) A reasonable close causal connection between the conduct and the resulting injury... [and] (4) Actual loss or damage resulting to the interests of the other.

Lau's Corp. v. Haskins, 261 Ga. 491, 492 (1991) (citing Sutter v. Hutchings, 254 Ga. 194, 196-97 (1985)).  Here, the Plaintiff has provided no evidence to establish a causal connection between her damages and the alleged accident.  Indeed, the Plaintiff has not provided any evidence to support any element of her claim for negligence.  As noted, the Plaintiff has not made an entry on the docket since posting a certificate of service relating to discovery on August 20, 2012, over three months before the instant motion for summary judgment was filed.  Accordingly, the Defendants' motion for summary judgment should be granted in its entirety.

## IV.  Conclusion

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 16] is GRANTED.

SO ORDERED, this 5 day of June, 2013.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge